United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSWALDO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BUILT-IN C & C, INC., et al.,<br><br>    Defendants. | Case No. 5:17-cv-02496-HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUMMARY JUDGMENT MOTION; (2) DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. Nos. 29, 31 |

Plaintiff Oswaldo Cruz sues his former employers for alleged wage and hour violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq. and various provisions of the California Labor Code. His complaint asserts seven claims for relief: (1) failure to pay overtime wages and for all hours worked, FLSA, 29 U.S.C. §§ 207, 216(b), 255(a); (2) failure to pay overtime wages and for all hours worked, Cal. Labor Code §§ 510, 1194, 1194.1, 1197, 1771, 1776; (3) failure to provide an itemized wage statement, Cal. Labor Code § 226; (4) meal break violations, Cal. Labor Code § 226.7; (5) rest break violations, Cal. Labor Code § 226.7; (6) waiting time penalties, Cal. Labor Code § 203; and (7) restitution for unfair business practices, Cal. Bus. & Prof. Code §§ 17200, et seq.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1  Plaintiff moves for summary judgment on Claims 3-7, as well as for an order finding that the Settlement and Release Agreement signed in October 2016 is void and unenforceable. Defendants move for summary judgment on Claims 1-2 and 4-7. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the court rules as follows:

Defendants do not move for summary judgment on Claim 3 (failure to provide an itemized wage statement), and they do not oppose plaintiff's summary judgment motion on that claim. Accordingly, plaintiff's motion for summary judgment is granted as to Claim 3.[2]

Defendants having acknowledged at the motion hearing that the Settlement and Release Agreement does not release any claims under the FLSA, plaintiff's motion for summary judgment is also granted on that basis.

As for the remaining matters in dispute, although each side asserts myriad evidentiary objections, the court finds that both sides nevertheless have submitted sufficient admissible evidence creating genuine issues of material fact that preclude summary judgment for either side.[3] Further, more than one inference can be drawn even where there may be undisputed facts. There are, for example, triable issues as to the meaning and significance of the payroll verifications, among other things. Such matters are for the trier of fact to decide, and the parties' respective motions for summary judgment therefore are denied. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

The parties shall reschedule their settlement conference with Magistrate Judge van Keulen, to be held within 30 days from the date of this order, subject to Judge van Keulen's availability.

---

[2] The parties agree that there is no derivative liability for this claim under Cal. Bus. & Prof. Code § 17200 (Claim 7).

[3] Because defendants say that Arnoldo Zepeda and his proffered exhibits were disclosed for the first time in plaintiff's opposition papers, the court has not counted Zepeda's declaration and exhibits among the admissible evidence on the present motions. To the extent plaintiff intends to present Zepeda as a witness at trial, the court will re-visit the propriety of permitting his testimony on a motion in limine.

Her courtroom deputy will contact the parties with available dates.

SO ORDERED.

Dated: March 28, 2018

HOWARD R. LLOYD
United States Magistrate Judge